UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                      13-cr-17 (PKC)

      -against-                              ORDER

DARRON MARCELLE,

              Defendant.

-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Through his counsel, defendant Darron Marcelle moves for a reduction in his sentence for "extraordinary and compelling" reasons. 18 U.S.C. § 3582(c)(1)(A)(i). (Doc 458). Marcelle asserts that a sentence reduction is warranted for reasons related to the COVID-19 pandemic combined with his efforts at rehabilitation. In April 2021, for unexplained reasons, Marcelle refused an offer to be vaccinated against COVID-19 with the Moderna vaccine. For reasons that will be explained, the Court concludes that Marcelle has not demonstrated extraordinary and compelling reasons that warrant a reduction of his sentence. The motion will therefore be denied.

        Section 3582(c)(1)(A) of title 18 provides that "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C.§ 3582(c)(1)(A)(i). The Court has broad discretion and may consider all circumstances advanced by a defendant for sentence reduction in combination and in

isolation.  See United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); accord United States v. Butler, 845 Fed. App'x 74, 75 (2d Cir. Mar. 29, 2021) ("District courts have broad discretion in evaluating whether an inmate has presented extraordinary and compelling circumstances for release.").  The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A); see also United States v. Roney, 833 Fed. App'x 850, 852 (2d Cir. 2020) ("Prior to reducing a defendant's term of imprisonment, however, a district court must consider the factors set forth in section 3553(a) to the extent that they are applicable." (quotation marks omitted)).

Marcelle is currently housed at Federal Correctional Institution Ray Brook ("FCI Ray Brook").  On June 8, 2020, Marcelle submitted a written request for sentence reduction to the Warden of FCI Ray Brook, which was denied on June 17, 2020.  The government does not dispute that Marcelle has exhausted his administrative remedies.  (Gov't Resp. at 4).

Marcelle asserts extraordinary and compelling reasons related to the COVID-19 pandemic, including certain risk factors if he were to be infected with the virus.  Marcelle is currently 43 years old.  He states that he suffers from hypertension which has developed during his time in custody and that the Bureau of Prisons ("BOP") has not prescribed medication for his condition.  In the BOP medical records that the government submitted, Marcelle's most recent medical evaluation occurred in November 2020.  During that evaluation, Marcelle's blood pressure was measured at 130/71 and medical records do not indicate that he is taking medication for hypertension.[1]  Stage 1 hypertension is defined as a systolic blood pressure between 130-139 mm Hg or diastolic blood pressure between 80-89 mm Hg.[2]  According to the

---

[1] The BOP's medical records also indicate that Marcelle's blood pressure was measured at 132/88 in May 2019, 110/70 in January 2019, 131/87 in November 2018, 98/64 in June 2018, 129/81 in December 2017 and 121/84 in June 2017.
[2] https://www.cdc.gov/bloodpressure/facts.htm (last accessed June 16, 2021).

Centers for Disease Control ("CDC"), hypertension "can make you more likely to get severely ill from COVID-19."[3] This is in contrast to other conditions, such as pregnancy, where infected persons "are more likely to get severely ill from COVID-19 . . . ."

Marcelle also asserts that the conditions at the facility where he is housed present a greater risk of his contracting COVID-19. The Court recognizes that individuals with pre-existing conditions such as hypertension can face a heightened risk of serious consequences from the virus, if infected, whether they are at liberty or imprisoned. A person who is at liberty, however, has an arguably greater ability to avoid infection because of his freedom to quarantine, social distance or utilize personal protective equipment as he chooses, options that are not always available to a person who is incarcerated. The Court also acknowledges that a person at liberty has the freedom to select a medical provider of his choosing in the event he contracts the virus and this, again, an incarcerated person does not have the same option.

A website maintained by the BOP states that, as of June 22, 2021, no inmates or staff members of FCI Ray Brook are confirmed positive for COVID-19.[4] 115 inmates and 38 staff members have recovered from COVID-19. No inmates or staff members of FCI Ray Brook have died of COVID-19. As of June 22, 2021, 360 inmates at FCI Ray Brook have completed the COVID-19 vaccination process.[5]

BOP medical records reflect that on April 28, 2021, Marcelle refused the Moderna vaccination against COVID-19. No reason for Marcelle's refusal has been given. Marcelle also does not urge that the facility has been unable or unwilling to provide adequate medical care to persons infected with COVID-19. Courts in this District have concluded that

---

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed June 16, 2021).
[4] https://www.bop.gov/coronavirus/ (last accessed June 22, 2021)
[5] https://www.bop.gov/coronavirus/index.jsp (last accessed June 22, 2021).

when a defendant refuses the risk-mitigation measure of a COVID-19 vaccination, that choice weighs against an application for release. See, e.g., United States v. Deleston, 15 cr 113 (PKC), 2021 WL 1731779 at *2 (S.D.N.Y. Apr. 20, 2021) (collecting cases). Moreover, as of the date of this Order, there are no confirmed positive cases at Marcelle's facility. This also weighs against his application.

Marcelle next argues that while incarcerated he has taken steps to rehabilitate himself and prepare for post-incarceration life. Since 2016, Marcelle has obtained two degrees a at a local college and in the spring of 2020 made his college's President's list for academic achievement during the semester. (Doc 458, Exs. A & B). Marcelle states that, if released, he would like to pursue community service work and would be employed as a truck driver.[6] Additionally, Marcelle states that his mother is not currently in good health and that he would assist in providing care for her.

"The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.' " Brooker, 976 F.3d at 237–38 (quoting 28 U.S.C. § 994(t) (emphasis in original)). However, in combination with other arguments for sentence reduction advanced by Marcelle, the Court considers Marcelle's desire to assist with caretaking for his family, the productive use of his time in prison and his completion of numerous educational courses.

The Court also considers the section 3553(a) factors, including the nature and circumstances of the offense, the defendant's history and characteristics, the seriousness of the offense, respect for the law, just punishment, deterrence, the need to protect the public and the

---

[6] Specifically, Marcelle would plan to work for Tied Up Trucking, a company started by Marcelle's co-defendant Melvin Johnson, who recently started Tied Up Trucking, a company that in part seeks to help ex-felons find employment. (Doc 458, Ex. C).

avoidance of unwarranted sentencing disparities. 18 U.S.C. § 3553(a). On September 6, 2016, Marcelle pled guilty pursuant to a plea agreement to one count of conspiracy to distribute and possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846, and one count of using, possessing and discharging a firearm in furtherance of a drug trafficking conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (Doc 380; September 6, 2016 Plea Tr).[7] Marcelle pled guilty to a crime in which he actively participated in a multi-defendant conspiracy to distribute crack cocaine. (Pre-Sentence Report, Rev. Aug. 11, 2017 ¶ 42 ("PSR")). Notably, he participated in the non-fatal shootings of two individuals on separate dates in connection with the drug trafficking conspiracy. (PSR ¶ 43).

As summarized in the PSR and recounted by the Court, Marcelle's prior convictions included attempted criminal mischief and attempted robbery both at age 16, harassment from physical contact at age 17, attempted sale of a controlled substance at ages 18 and 27, and attempted possession of dangerous contrabrand at age 28. (PSR ¶¶ 62–67). Marcelle is currently serving a sentence for a federal firearms conviction. A June 2019 report issued by the United States Sentencing Commission concluded that recidivism rates for those convicted of firearms offenses remain high.[8] Marcelle is currently 43 years old, and the report observes that "[f]or offenders 41 to 50 years old at the time of release, the recidivism rate for firearms offenders (60.1%) is more than 20 percentage points higher than the rate for non-firearms offenders (39.6%)." Section 3553(a) factors including the nature and circumstances of the offense, Marcelle's history and characteristics, the seriousness of the offense, just

---

[7] Judge Batts granted Marcelle's motion to withdraw an earlier guilty plea that would have required a 20-year mandatory minimum sentence based on ineffective assistance of his prior counsel and ordered the government to re-extend a plea offer with a 15-year minimum. (Doc 373). Marcelle pled guilty pursuant to this plea agreement on September 6, 2016.
[8] Recidivism Among Federal Firearms Offenders, United States Sentencing Commission, at 22 https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2019/20190627_Recidivism_Firearms.pdf (June 2019).

punishment, deterrence and the need to protect the public all weigh against Marcelle's application.

On January 31, 2017, Judge Batts sentenced Marcelle principally to a total of 180 months' imprisonment, the minimum sentence for which Marcelle was eligible. (Doc 395 at 10, 20; Jan. 31, 2017 Sentencing Tr.). Specifically, Marcelle received a term of imprisonment of 60 months on Count One and 120 months on Count Two to be served consecutively. (Id.)

Marcelle has served approximately 101 months, or 56%, of his 180-month mandatory minimum sentence. According to the BOP website, Marcelle's anticipated release date accounting for good time-credit is January 4, 2026.[9] "[I]t is entirely within the district court's discretion to consider how much time an inmate has already served of his overall sentence when the court is weighing whether a release for extraordinary and compelling circumstances is consistent with the Section 3553(a) factors, such as the need for deterrence and the danger posed to the community by the inmate's release." Butler, 2021 WL 1166001, at *2. Reducing his sentence is unwarranted on this record.

---

[9] See https://www.bop.gov/inmateloc/ (last accessed June 22, 2021).

CONCLUSION

The Court has considered the time Marcelle has served in prison to date, his age, medical conditions, conditions at his BOP facility, the ongoing COVID-19 pandemic, his rehabilitation to date and all other factors cited to the Court. Taking into account all arguments presented by Marcelle in favor of a sentence reduction and considering them both in isolation and in combination, and considering all of the section 3553(a) factors, the Court concludes that Marcelle has not demonstrated extraordinary and compelling reasons for a reduction in his sentence. His motion is therefore DENIED. The Clerk is directed to terminate the motion. (Doc 458).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
June 22, 2021